UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-cv-21836-JLK

TURRIT INSURANCE, INC.
a Florida Corporation,

      Plaintiff,

v.

ROBERT ELENSKY,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant Robert Elensky's Motion to Vacate Default Judgement (DE #25). Therein, Defendant seeks an Order vacating the Default Judgement as to Liability (DE #23) entered on January 23, 2015. Defendant claims as grounds for vacating the Default Judgment good cause and excusable neglect for not filing an answer in this case, arguing that a pending arbitration between these parties relieved him of his duty to file an answer,[1] even after the Court gave him several opportunities to do so. This Motion is fully briefed. As set forth below, the Court finds that Defendant has not shown good cause, his failure to answer the Complaint was not the result of excusable neglect, and that his Motion to Vacate Default Judgement should be denied.

Plaintiff filed this action in the Circuit Court of the 11th Judicial District in and for Miami-Dade County Florida on April 15, 2014, and Defendant was served on April 25, 2014. Defendant, without having filed a responsive pleading in the state court proceedings, removed the case to this Court on May 19, 2014. Defendant did not file an answer or otherwise respond to the Complaint after removal, and Plaintiff did not object to removal or seek remand. On August 12, 2014, the Court entered a notice that the case would be dismissed for lack of prosecution (DE #3).

---

[1] The Court notes that Defendant has never moved to dismiss, stay, or otherwise relieve him of his duty to answer the Complaint in this case based on any pending arbitration.

On August 21, 2014, Plaintiff filed a Motion for Default Judgment (DE #5) ("First Motion for Default Judgement") based upon Defendant's failure to respond to the Complaint after having removed it, as required by Federal Rule of Civil Procedure 81(c).[2] Plaintiff argued that because Defendant was obviously aware of the Complaint (by virtue of his having removed it), and that as the removing party—who elected to have these proceedings in federal court—Defendant was aware of his obligation to respond to the Complaint pursuant to the Federal Rules of Civil Procedure. Accordingly, Plaintiff requested that default judgement be entered. Defendant responded to this First Motion for Default Judgement on September 18, 2104 (DE #6), arguing both that seeking default judgement was premature because no clerk's default had been sought or received, and that Defendant had good cause and excusable neglect resulted in his failure to answer the complaint. This good cause and excusable neglect, according to the Defendant, was the pending arbitration between the parties, somehow relieving him of his duty to answer or otherwise respond. Defendant did not move to dismiss or stay these proceedings based upon any arbitration.

The Court denied the First Motion for Default Judgement on December 11, 2014[3] on the basis that Plaintiff had not first sought and received a Clerk's Default (DE #14). Under Fed. R. Civ. P. 55(a), "[o]btaining a default judgment is normally a two-step process. The moving party must first show 'by affidavit or otherwise' that another party is in default." *Chen v. Siemens Energy Incorporated*, Case No. 6:10-cv-1330, 2011 WL 1261115, *1 (M.D. Fla. March 9, 2011). "Upon a showing that a party against whom judgment is sought fails 'to plead or otherwise defend', the Clerk will make an 'entry of default' on the docket. Thereafter, a party may seek" a

---

[2] Rule 81(c) provides, in relevant part, "[a] Defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed."

[3] While the First Motion for Default Judgement was pending, counsel for Defendant filed a Motion to Withdraw (DE #11), and the Court entered an Order Requiring Defendant to Obtain New Counel (DE #12). Defendant's new counsel filed his Notice of Appearance on December 1, 2014 (DE #13).

default judgment. *Id.* Accordingly, the First Motion for Default Judgement was denied as premature.

After the Court denied the First Motion for Default Judgement, Defendant, rather than filing an answer or other responsive pleading, filed a Response in Opposition to the First Motion for Default Judgement (DE #15). This Opposition (in addition to having been filed after the underlying motion had already been denied), filed by Defendant's new counsel, recited the same grounds for denying the First Motion for Default Judgement as had been raised by Defendant in the Opposition filed by Defendant's original counsel on September 18, 2014, and in fact appears to be a virtual carbon copy (typos, grammatical quirks and all) of that document.

On January 13, 2015, with still no answer or other responsive pleading having been filed by Defendant, Plaintiff moved for (DE #16) and was granted (DE #18) a Clerk's Default. Plaintiff then moved for entry of Default Judgement (DE #19). Defendant filed a Response in Opposition to entry of default (DE #20), again citing as grounds good cause and excusable neglect based on a pending arbitration. And again, no motion to dismiss or stay pending arbitration was filed.

On January 23, 2015 the Court entered the Default Judgement as to Liability (DE #23) which by the instant Motion Defendant seeks to vacate.

The instant Motion (DE #25) is again a virtual carbon copy of the Response in Opposition (DE #20), and again raises as grounds good cause and excusable neglect stemming from a pending arbitration. At no point in any of its filings does Defendant cite to any authority supporting the idea that a pending arbitration between the parties somehow relieves a Defendant of his duty to file an answer or other responsive pleading after removing a case to federal court. Instead, Defendant argues, as he has since his September 18, 2014 Response in Opposition to the First Motion for Default Judgement, nearly verbatim, that his failure to answer or otherwise respond should be excused because it was based upon the "human error" of (1) not realizing the rules required an

answer, (2) believing a pending arbitration somehow stayed these proceedings relieving him of his duty to answer.

The Court finds that Defendant's claim of excusable neglect must fail, and that no good cause exists for vacating the Default Judgement as to Liability. Defendant himself removed this case to federal court thereby electing to have this case governed by the Federal Rules of Civil Procedure. He then failed to answer or otherwise plead in response to the Complaint as required by those rules. Next he argued in response to the First Motion for Default Judgement that his failure to respond to the Complaint was the result of "human error," a tacit recognition that the rules require a response. And again, after recognizing this error, he still failed to respond to the Complaint. Now he claims, through a virtual carbon copy of his previous arguments that his failure to respond to the Complaint is the result of the same "human error" that led to his failure to respond the first time. The court finds this to be inexcusable neglect.

Therefore, it is hereby **ORDERED, ADJUDGED, and DECREED** that Defendant Robert Elensky's Motion to Vacate Default Judgement (DE #25) is **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 17th day of April, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **All Counsel of Record**